**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff

| | |
|---|---|
| Sang Hwa "Brandon" Bae<br><br>Plaintiff,<br><br>     - vs. -<br><br>Evergreen Team USA Inc.,<br>Twinko, Inc., and Edward Ko,<br><br>     Defendants. | DOCKET NO. _____<br><br>**COMPLAINT** |

Plaintiff Sang Hwa "Brandon" Bae, by and through his undersigned attorneys, for his complaint against defendants Evergreen Team USA Inc., Twinko, Inc., and Edward Ko, alleges as follows:

1

## NATURE OF THE ACTION

1.  Plaintiff Sang Hwa "Brandon" Bae alleges under 29 U.S.C. § 216(b), alleges that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.  Plaintiff further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage and (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.  Plaintiff Sang Hwa "Brandon" Bae is an adult individual residing in Queens, New York.

4.  Mr. Sang Hwa "Brandon" Bae consents in writing to

2

be a party to this action pursuant to 29 U.S.C. § 216(b);

5.     Defendant Evergreen Team USA, Inc., is a domestic business corporation organized under the law of the State of New York (hereinafter also referred to as "Evergreen Team USA, Inc") with a principal place of business at 65 East Bethpage Road, Plainview, New York, 11803.

6.     Defendant Twinko, Inc., is a domestic business corporation organized under the law of the State of New York (hereinafter also referred to as "Twinko, Inc.") with principal business address at 137 Express Street, Plainview, New York, 11803, and a registered business address for service of process at 324 Dawson Lane, Jericho, New York, 11753.

7.     At all relevant times, defendant Evergreen Team USA, Inc., was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.     At all relevant times, defendant Twinko, Inc. was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.     Upon information and belief, at all relevant times, defendant Evergreen Team USA, Inc., has had gross revenues in excess of $500,000.00.

10.     Upon information and belief, at all relevant times, defendant Twinko, Inc., has had gross revenues in excess of $500,000.00.

11.     Upon information and belief, at all relevant times herein, defendant Evergreen Team USA, Inc., has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

12.     Upon information and belief, at all relevant times herein, defendant Twinko, Inc., has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

13.     Defendant Edward Ko is an owner or part owner and principal of Evergreen Team USA, Inc., and Twinko, Inc., who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.     At all relevant times, Defendant Edward Ko was involved in the day-to-day operations of Evergreen Team USA, Inc., and Twinko, Inc., and played an active role in managing the businesses.

15.     Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

4

16.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' businesses are located In this district.

**FACTS**

18.    At all relevant times herein, the defendants owned and operated Evergreen Team USA, Inc, a professional salon & beauty products distribution company in Plainview, New York.

19.    At all relevant times herein, the defendants owned and operated Twinko, Inc., an online professional salon & beauty products distribution company in Plainview, New York.

20.    Plaintiff Sang Hwa "Brandon" Bae ("Plaintiff" or "Mr. Bae") was employed at Evergreen Team USA, Inc., and/or Twinko, Inc. from approximately March 11, 2019, until September 30, 2022.

21.    Mr. Bae was hired by Mr. Edward Ko and employed by Defendants as a warehouse department interim assistant manager.

22.    Mr. Bae's work was performed in the normal course

of the defendants' business, was integrated into the business of the defendants, and did/does not involve executive or administrative responsibilities.

23. At all relevant times herein, Mr. Bae was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

24. From the beginning of his employment by Defendants until September 2019, Mr. Bae worked a regular schedule five days per week, as follows: Monday through Friday, 8 a.m. until 5:30 p.m. He also worked as many 4-5 additional hours each evening.

25. Consequently Mr. Bae was typically working between 67.5 and 72.5 hours per week during that period of his employment by the defendants.

26. Beginning in September 2019, Mr. Bae began working seven days per week as follows: Monday through Friday from 7:30 a.m. until 5 p.m., plus 4-5 additional hours each evening; Saturday and Sunday from 6 a.m. until 9 a.m. and again from 3 p.m. until 8 p.m.

27. Consequently Mr. Bae typically worked between 83.5 and 88.5 hours per week since September 2019.

28. Mr. Bae was paid weekly by check and in cash throughout his employment by Defendants, based on a general hourly rate for the first 40 hours per week, and an overtime rate for only 2.5 additional hours per week.

29. From April through March 2019, Mr. Bae was paid $900 per week based on a general hourly rate of $20.57 per hour for the first 40 hours per week, and an overtime rate of $30.86 per hour for only 2.5 additional hours per we.

30. From July through October 2019, Mr. Bae was paid

$1,100 per week based on a general hourly rate of $25.14 per hour for the first 40 hours per week, and an overtime rate of $37.71 per hour for only 2.5 additional hours per week.

31.     From November through December 2019, Mr. Bae was paid $1,250 per week based on a general hourly rate of $28.57 per hour for the first 40 hours per week, and an overtime rate of $42.86 per hour for only 2.5 additional hours per week.

32.     During 2020 Mr. Bae was paid $1,350 per week based on a general hourly rate of $30.86 per hour for the first 40 hours per week, and an overtime rate of $46.29 per hour for only 2.5 additional hours per week.

33.     From January 2021 through July 2021, Mr. Bae was paid $1,500 per week based on a general hourly rate of $34.29 per hour for the first 40 hours per week, and an overtime rate of $51.43 per hour for only 2.5 additional hours per week.

34.     From August 2021 through May 2022, Mr. Bae was paid $1,700 per week based on a general hourly rate of $38.86 per hour for the first 40 hours per week, and an overtime rate of $58.89 per hour for only 2.5 additional hours per week.

35.     From June 2022 through September 9, 2022, Mr. Bae was paid $2,000 per week based on a general hourly rate of $45.71 per hour for the first 40 hours per week, and an overtime rate of $68.57 per hour for only 2.5 additional hours per week.

36.     From September 12, 2022, through September 30, 2022, Mr. Bae was paid $1,700 per week based on a general hourly rate of $38.86 per hour for the first 40 hours per week, and an overtime rate of $58.29 per hour for only 2.5 additional hours per week.

37.    As a result, Plaintiff's effective hourly rates of pay were below the statutory New York City minimum wage in effect at relevant times.

38.    Defendants' failure to pay Plaintiff an amount at least equal to the New York State minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

39.    Plaintiff was paid by cash and check throughout his employment by the defendants, and received no paystubs or wage statements of any sort with his pay.

40.    In addition, the defendants failed to pay Plaintiff overtime compensation for all of the additional hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations, and instead only paid him for 2.5 hours of overtime each week.

41.    Defendants' failure to pay Plaintiff the overtime bonus for additional overtime hours he worked was willful and lacked a good faith basis.

42.    Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

43.    Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act - including, inter alia, the defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to obtain Plaintiff's

signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

44. Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

45. Upon information and belief, while the defendants employed the plaintiff, and throughout all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to him.

46. Upon information and belief, while the defendants employed Plaintiff, and throughout all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

47. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendants willfully violated Plaintiff's rights by

failing to pay his compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190–199, 652 and their regulations.

50. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

51. Due to the defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, Reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act – Overtime)

52. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, the defendants employed Plaintiff within the meaning of the FLSA.

54. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for each of the hours they worked in excess of forty hours per workweek.

55. As a result of the defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for each hour of work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

57. Due to the defendants' FLSA violations, Plaintiff is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT III

### (New York Labor Law – Overtime)

58. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60. Defendants willfully violated Plaintiff's rights by

failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

61. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

62. Due to the defendants' New York Labor Law violations, Plaintiff is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

63. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendants willfully violated Plaintiff's rights by

failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

66.     Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

67.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor  Law §§ 198 and 663(1).

## COUNT V

## (New York Labor Law – Wage Theft Prevention Act)

68.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69.     At all relevant times, Plaintiff has been employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70.     Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the

Wage Theft Prevention Act when he was hired, or at any time thereafter.

71. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

72. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from the defendants statutory damages of $250 per day, for each day of his employment by the defendants, up to the maximum statutory damages.

73. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the defendants statutory damages of $50 per day for each day of his employment by the defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

   a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

   b.  An injunction against the defendants and their officers, agents, successors, employees,

representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

e. Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for the defendants' New York Labor Law violations;

h. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

1. An award of prejudgment and postjudgment interest;

m.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.   Such other, further, and different relief as this Court deems just and proper.

Dated: January 23, 2023

<u>/s/ Michael Samuel</u>
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway Suite 6085
New York, New York 10018
212) 563-9884
Attorneys for Plaintiff